JEFFERSON.
December 1818

# CHAPLINE vs. TOPE.

Chapline
v.
Tope.

If the declaration is upon a cause of action subsequent to the date of the writ judgment will be arrested, it being a defect not cured by verdict.

### ACTION FOR SLANDEROUS WORDS.

THIS was an action of slander, in which a verdict had been given for the plaintiff. WRIGHT, for the defendant, moved, in arrest of judgment, for that the words are charged as having been spoken after the commencement of the suit, and cited 1st Chitty 233 and 4 & 258, 3 Johns. 42, 10th East. 130, 7th D. and East. 474, 2d Saund. 291 c. n. 1 Com. Dig. tit. pleader C. 19.—DODDRIDGE, contra.

PRESIDENT—The writ in this case, issued 15th June: the plaintiff declares for words spoken the 1st July; the jury have found the issue submitted to them in favor of the plaintiff, and have assessed her damages. If the issue which has been joined in this case, was such as necessarily to require, on trial, proof of words spoken before the commencement of the action, then whatever defect there may be in stating the cause of action in that respect, is cured by the verdict. The general issue denies the speaking, in manner and form as the plaintiff has declared; the special plea admits the speaking at the time and place laid. To support these issues on the part of the plaintiff, it was not necessary to prove the words to have been spoken on any other day than the one laid in the declaration; to that time only, could the enquiry be of necessity directed; and therefore, if the variance is a material one, the error is not cured by the verdict. It is laid down in 1st Com. Dig. 142, that an action does not lie before a cause of action accrued; and that, if it appears upon the record, that an action is so brought, it may be moved, in arrest of judgment or assigned for error; and with this I believe all the authorities agree. The same point was decided in this court, in the case of Redick vs. Orr [*supra*, 126.] The omission of the day is cured by verdict, by the English statutes of Jeofail: but none of the statutes of Jeofail cure an error of this kind: the right of action must exist when the suit is commenced, or the action cannot be sustained. Where there is a blank, the proof may be supposed to have gone to the time of the writ; but where the cause of action is directly and positively averred to be subsequent to the bringing suit, there is no legal cause of action upon the record, on which the Court can give judgment. Such is the case here, and the judgment must, therefore, be arrested.